<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT M. HOWLEY, | : |
| Plaintiff, | : Hon. Faith S. Hochberg |
| | : Civil No. 06-5992 (FSH) |
| v. | : |
| | : **ORDER & OPINION** |
| MELLON FINANCIAL CORPORATION, et al., | : |
| | : Date: June 27, 2011 |
| Defendants. | : |

**HOCHBERG, District Judge**.

This matter comes before the Court upon Plaintiff Robert Howley's Amended Motion for Attorney's Fees. This Court has reviewed the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**

Howley initiated this action on December 14, 2006, asserting claims for benefits and for unlawful discrimination under ERISA, as well as several related state law claims. On January 29, 2008, this Court issued an Opinion granting Howley's Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment.[1]

On February 27, 2008, Defendants filed a Notice of Appeal of this Court's summary judgment decision.

---

[1] This Court assumes familiarity with the underlying facts of this case, which have been set forth in detail in this Court's January 29, 2008 opinion and in the Third Circuit's August 31, 2010 opinion.

On September 17, 2008, this Court denied Howley's Motion for Attorney's Fees without prejudice and explicitly permitted Howley to:

> re-file a motion for attorney's fees and costs with annotated billing records that indicate to the greatest extent practicable groups of line-by-line time entries for billable hours and related costs according to the count or counts on which Plaintiff prevailed; the necessary background inquiry into the legal or factual issues related to such counts; and any additional details that may shed light on whether the hours claimed are reasonable for the work performed, ensuring that such hours and costs relate solely to the nonsettling defendants.

Howley v. Mellon Financial Corp., No. 06-5992 (FSH), September 17, 2008 Order at 2 (D.N.J.) (Dkt. No. 80). On the same day, this Court denied Defendants' Motion for a Stay pending appeal.

On August 31, 2010, the Third Circuit issued an opinion affirming this Court's summary judgment decision and finding that it was "clear on this record that the denial of Howley's claim for benefits constituted an abuse of discretion." Howley v. Mellon Financial Corp., C.A. No. 08-1748, August 31, 2008 Opinion at 22 (3d Cir.). The Third Circuit further reasoned that "[a]dministering benefits in a way that controverts a plan's stated purpose, renders plan language meaningless, and creates benefits that can exist only on paper, is unreasonable. In these circumstances, ERISA requires that we provide a remedy."[2] Id. at 32.

Howley now brings an Amended Motion for Attorney's Fees and Costs, seeking payment of $591,668.45 in attorney's fees and costs, as well as $33,197.00 in fees incurred during the administrative review period.[3]

---

[2] Defendants sought reconsideration of the Third Circuit's ruling or, in the alternative, rehearing en banc. On October 15, 2010, the Third Circuit denied those requests. On October 25, 2010, the Third Circuit issued a Mandate commensurate with its August 31, 2010 Opinion.

[3] On March 1, 2011, the Third Circuit issued an order granting in its entirety Howley's Motion for Attorney's Fees Incurred on Appeal in the amount of $149,017.50 and remanding this action to this Court for a determination of an appropriate amount of fees for paralegal services

**DISCUSSION**

I.      ENTITLEMENT TO FEES AND COSTS PURSUANT TO 29 U.S.C. §§ 1132(g)(1)

ERISA provides for the recovery of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), which states that "in any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fees and costs of action to either party."

    A.    Success on the Merits

In Hardt v. Reliance Standard Life Insurance Company, 130 S.Ct. 2149 (2010), the Supreme Court rejected the view of many courts that 29 U.S.C. § 1132(g)(1) should be read to limit the availability of attorney's fees in an ERISA case to the "prevailing party." Id. at 2152. Instead, the Court held that the statute permits courts, in their discretion, to award fees to either party, "as long as the fee claimant has achieved 'some degree of success on the merits.'" Id. (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)).

Howley claims that he achieved success on the merits here because both this Court and the Third Circuit found him entitled to benefits under the Displacement Program, which in turn qualified him for the ancillary benefits he sought in other claims asserted in the Amended Complaint.[4] This represented the total relief he sought to obtain in the Amended Complaint.

---

on appeal.

    [4] Howley asserted five claims in the Amended Complaint: (1) against Mellon Financial for benefits under the Displacement Program; (2) for unlawful interference under ERISA against Mellon Financial and ACS; (3) for various non-ERISA benefits to which he claimed entitlement under state law; (4) against the Mellon 401K Retirement Savings Plan and the Mellon Flexible Benefits Program for non-Displacement Program ERISA benefits; and (5) against the Mellon 401K Retirement Savings Plan and the Mellon Flexible Benefits Program for benefits under the Displacement Program.

Defendants take the position that Howley cannot recover fees and associated costs for the claims on which he did not prevail or for work he expended on non-culpable Defendants.[5]

In Battoni v. IBEW Local Union No 102 Emple. Pension Plan, No. 05-934 (FSH), 2009 U.S. Dist. LEXIS 27971 (D.N.J. Apr. 1, 2009), this Court awarded the full fee requested where "the overwhelming legal issue that drove this litigation is the one on which Plaintiffs prevailed" and Plaintiffs "achieved virtually all of the relief requested," such that "[h]ad Plaintiffs succeeded on their other claims, their relief would not have been materially increased." Id. at *11-12.

Here, Plaintiff was successful on Claim 1 and received all of the benefits he sought as a result. All of his remaining claims were deemed moot as a result. Thus, he achieved success on the merits. To discount his fees because some of the claims asserted in the Amended Complaint were mooted by Howley's success on his primary claim would elevate form over substance.

B.      The Ursic Factors

"In determining whether to make any award of fees under ERISA, courts have considered five policy factors: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).

"The factors serve merely as flexible guidelines and no one factor is determinative; nor must each one be considered." Trucking Employees of North Jersey Welfare Fund, Inc. v.

---

[5] It is undisputed that Howley achieved success on Claim1 of the Amended Complaint.

Brockway Fast Motor Freight Co., 130 F.R.D. 314, 325 (D.N.J. 1989) (citing Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 258 (1st Cir. 1986)).

In Hardt, the Supreme Court concluded that five factor tests like that set forth in Ursic "bear no obvious relationship to § 1132(g)(1)'s test or to our fee-shifting jurisprudence" and thus "are not required for channeling a court's discretion when awarding fees under this section." 130 S. Ct. at 2158. The Court went on to note, however, that it did "not foreclose the possibility that once a claimant has satisfied this requirement [of achieving some success on the merits], and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors...in deciding whether to award attorney's fees." Id. at 2158 n. 8.

Here, consideration of the five factors outlined in Ursic favor awarding Howley attorney's fees.

   1.  Culpability or Bad Faith

"The first Ursic factor favors an award to the prevailing party not only in cases involving 'bad faith' but in other cases as well....A losing party may be culpable [] without having acted with an ulterior motive." McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 256-57 (3d Cir. 1994).

While "[a] party is not culpable merely because it has taken a position that did not prevail in litigation," the Third Circuit has found "an award of counsel fees to be appropriate in an ERISA case without finding that the defendants had acted with an ulterior or sinister purpose." Id. (citing Groves v. Modified Retirement Plan, Inc., 803 F.2d 109 (3d Cir. 1986)).

In granting Howley's Motion for Partial Summary Judgment, this Court found Defendants' position that Howley was "employed" by ACS at the moment of the sale to be

"disingenuous." Howley, No. 06-5992 (FSH), January 29, 2008 Opinion at 9.  The Third Circuit found that Defendants administered benefits "in a way that controverts [the] plan's stated purpose, renders plan language meaningless, and creates benefits that exist only on paper..." Howley, C.A. No. 08-1748, August 31, 2008 Opinion at 32.  The court also wrote that while Defendants argued on appeal that the plan language required the "snap shot" approach:

> neither the Program Manager nor the Program Administrator stated in making their decisions that they used the "snap shot" approach because it was required by the plan language.  Instead, they defended that choice as reasonable because MFC needed to know its liabilities with finality prior to a sale's closing.  The making of benefit decisions by an ERISA administrator based on what is best for the sponsor of the plan is a flagrant violation of that administrator's fiduciary duty to make such decisions "solely in the interest of the [plan's] participants and beneficiaries."  Varity Corp. v. Howe, 516 U.S. 489, 506 (1996) (quoting ERISA § 404(a)).

Howley, C.A. No. 08-1748, August 31, 2008 Opinion at 25-26 n. 8.

Defendants' abdication of fiduciary responsibilities, and the "disingenuous" nature of Defendants' claims as to Howley's employment status, justify a finding of culpability in the instant action.

      2.     Ability to Satisfy an Award of Attorneys' Fees

Mellon is a multi-national corporation with billions of dollars in revenue, and Defendants concede that they have the ability to satisfy an award of attorneys' fees.

      3.     Deterrent Effect & Benefits Conferred
               on Members of the Pension Plan as a Whole

The Third Circuit has held that "it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct." McPherson, 33 F.3d at 258 (citing Kann v. Keystone Resources, Inc. Profit Sharing Plan, 575 F. Supp. 1084, 1096-97

(W.D.Pa. 1983)). Indeed, "[b]y ordering the defendants to pay attorney's fees...the defendants will be less likely and not so quick to deny benefits to other eligible Plan participants." Kann, 575 F. Supp. at 1096-97.

The Third Circuit found that Defendants' plan administrators "flagrant[ly]" violated their fiduciary duties by putting the interests of the sponsor ahead of the interests of the plan beneficiaries. Moreover, after their losses in this Court and the Third Circuit, Defendants have continued to contest each and every conceivable issue to arise in this case – including those as minor as, for example, a $4,380 bill for paralegal fees incurred by Plaintiff on appeal. Defendants' conduct in this action borders on the use of the litigation process to exhaust the other side's time, energy and resources in what amounts to an intolerable perversion of the very concept of ERISA "benefits." Defendants will be less likely to engage in such conduct if attorney's fees for this baseless and protracted litigation are awarded here in favor of Howley, as they were in the Third Circuit. This is particularly relevant given that Mellon is a large corporation heavily involved in various employee benefit plans.

    4.  Relative Merits of the Parties' Position

"[C]oncerning the relative merits of the parties' positions, we must determine whether 'the losing party's position [was] substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" Reinert v. Giorgio Foods, 15 F. Supp. 2d 589, 599 (E.D. Pa. 1998) (quoting Meredith v. Navistar, 935 F.2d 124, 128 (7th Cir. 1991)).

Both this Court and the Third Circuit concluded that the merits of Howley's position vastly and clearly outweighed the merits of Defendants' position. Defendants reliance on Reinert is inapposite. There, the court found the merits of the parties' positions "roughly comparable"

7

because it did "not believe that the conduct of the Defendant or its agents was arbitrary and capricious" and the case involved "rather subtle distinctions and close parsing of the language of the Plan." Reinert, 15 F. Supp. 2d at 599.  Here, both this Court and the Third Circuit found that Defendants' actions were arbitrary and capricious. Accordingly, this factor also favors awarding attorney's fees.

II.     REASONABLENESS OF HOWLEY'S ATTORNEY'S FEES AND COSTS

"In assessing the reasonableness of a claimed fee in cases like this, we use the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. 'When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.'" Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (quoting Delaware Valley Citizens' Council, 478 U.S. 546, 564 (1986) (internal quotation omitted)).

"To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

"In a statutory fee case, the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee. The district court cannot decrease a fee award based on factors not raised at all by the adverse party. Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Rode, 892 F.2d at 1183 (internal citations omitted).

A. <u>Hourly Rates</u>

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Rode</u>, 892 F.2d at 1183 (internal citations omitted).

Here, Howley has submitted evidence of the prevailing market rates and the various levels of experience of each of the three attorneys to work on this action on his behalf. Defendants do not challenge the hourly rates at which Howley's counsel seek fees, and this Court finds that those rates are consistent with the prevailing market rates.[6]

B. <u>The Number of Hours Reasonably Expended</u>

Howley seeks payment for: (1) 1,394.95 hours of attorney time expended, incurring fees of $547,585; (2) 299.6 hours of paralegal time, incurring fees of $35,952; and (3) costs in the amount of $8,131.45. Howley also seeks payment of $33,197 for fees incurred during the administrative review of his claim.

1. The Administrative Review Process

In <u>Hahnemann University Hospital v. All Shore, Inc.</u>, 514 F.3d 300 (3d Cir. 2008), the Third Circuit joined all other circuits to consider the issue in holding that "awarding a prevailing

---

[6] Specifically, Howley seeks reimbursement for attorney's fees at a rate of (1) $425 per hour for Kevin E. Barber, a name partner in the law firm Niedweske Barber, LLC; (2) $400 per hour for Peter J. Heck, of counsel at Niedweske Barber; (3) $350 per hour for Matthew J. Vance, an associate at Niedweske Barber; and (4) $120 per hour for paralegals.

party attorney's fees for pre-litigation administrative proceedings under ERISA is inappropriate." Id. at 314. Indeed, Howley recognized as much when he withdrew his claim for fees incurred during the administrative process in making his earlier motion for attorney's fees before this Court.

Howley now claims that the Supreme Court's holding in Hardt undermines the Third Circuit's position in Hahnemann. Howley argues that Hardt represents a more liberal approach to the awarding of attorney's fees in ERISA cases. Howley fails, however, to point to any portion of the Supreme Court's decision in Hardt that directly addresses the holding in Hahnemann, nor to cite to any post-Hardt legal authority in support of his position. Indeed, to the extent courts in this circuit have considered the issue after Hardt, they have continued to treat Hahnemann as good law. See Templin v. Independence Blue Cross, No. 09-4092 (JHS), 2011 U.S. Dist. LEXIS 51523, at *17-18 (E.D. Pa. May 13, 2011). Accordingly, Howley is not entitled to payment of the fees incurred during the administrative review process.

    2.    Claims Against ACS[7]

Defendants also object to the reasonableness of the hours expended by plaintiff's counsel to the extent those hours were spent litigating against ACS, with whom Howley settled.[8]

In its September 17, 2008 Order, this Court held that "any fees and costs related to claims

---

[7] In their opposition to Plaintiff's Amended Motion for Attorney's Fees, Defendants make brief reference to an objection to the fees sought based on expenditures incurred in litigating against the Mellon Related Defendants against whom Howley did not prevail. Defendants' briefing on this issue, however, does not address this issue and focuses entirely on ACS. Any issue not raised or argued is deemed waived and shall not be raised going forward.

[8] On July 23, 2007, this Court entered an Order of Dismissal as to ACS, which contained a provision, pursuant to the parties' settlement agreement, that each party would bear its own fees and costs. (Dkt. No. 38)

against ACS must be factored out of the requested fee award against the Mellon Related Defendants." Defendants concede that a number of time entries have been removed from Plaintiff's application in light of this ruling. Nevertheless, Defendants contest several time entries – for example, calls between counsel and Howley – they argue are so general that they must reflect some effort in the case against ACS. The Mellon Defendants were, at all times, the primary focus of this action and, as indicated by the record, the focus of the efforts of plaintiff's counsel during discovery. They were also the only remaining Defendants at the summary judgment stage. Accordingly, the reductions Plaintiff's counsel has already made are sufficient to account for time expended against ACS and no further reductions are necessary.

       3.       Administrative, Clerical and Paralegal Tasks

Defendants object to (1) the hours expended by the paralegal on this case, Mary Machette, to the extent they are for secretarial tasks and (2) to what they claim are clerical and paralegal tasks submitted for payment at attorney rates.

Defendants' objection to the hours billed by Ms. Machette is identical to the objection they lodged against Howley's Motion for Paralegal Fees Incurred on Appeal. For the reasons set forth in this Court's June 27, 2011 ruling on that motion, the fee award will be reduced by a total of $792, which represents Ms. Machette's billings for secretarial tasks.[9]

Defendants' objection to the attorney's billings, however, are not well founded. The

---

[9] The following time entries for secretarial tasks will not be included in the final fee award: (1) a July 22, 2005 $36 billing for dictation; (2) two entries for file maintenance totaling $528 in billings; (3) a July 23, 2005 $12 billing for setting up computer folders; (4) an undated entry for printing a memo for an attorney's review, totaling $12 in billings; (5) three entries for making photocopies totaling $168; and (6) an undated entry for arranging an appeal file totaling $36 in billings. See Barber Aff., Ex. 20.

typical law firm that represents plaintiffs in ERISA actions does not have the deep wells of staff that the ERISA defense firm here possesses. Indeed, Howley was represented by only three attorneys throughout the five year pendency of this litigation. It is both expected and appropriate that those attorneys would handle the issues Defendants identified – for example, troubleshooting the electronic filing system, which was, at the time, in its early days. Moreover, Defendants have employed more attorneys than Howley throughout this matter and have found no matter too trivial to contest, at great cost to Plaintiff. Defense counsel would no doubt be embarrassed to reveal their own fees and hours expended should this Court seek them as a source of comparison. Accordingly, this Court declines to further reduce the fee award.

        4.        Duplication of Time and Excessive Time Expenditures

Defendants object to the number of hours Howley's counsel expended on this case as duplicative and excessive. Specifically, Defendants object to the appearance of two attorneys as opposed to one at an April 2007 scheduling conference and a witness deposition and to the time expended in preparing the summary judgment motion and in internal conferences between lawyers.

Defendants routinely sent multiple lawyers to conferences, and the summary judgment motion prepared by Howley's counsel addressed complex issues and resulted in their client's receipt of all relief he sought. Moreover, Defendants adopted a relentless approach to this litigation without a reasonable basis to support such protracted and inflexible fighting. To now complain that their adversary spent too much time and effort in responding to this litigation tactic is absurd. Accordingly, Defendants have failed to present sufficient justification as to why this time is unreasonable and should not be compensated.

        5.        Change in Strategy and the Work of Peter Heck

Defendants also object to the time billed by Peter Heck, of counsel at Niedweske Barber, who became involved in this action after its inception and, Defendants alleged, changed Howley's strategy, causing more fees to be incurred.

Mr. Heck has certified that none of the time entries for which he seeks reimbursement were incurred in the course of familiarizing himself with the case. Indeed, Mr. Heck took over as the lead lawyer on the case and billed at a lower rate than Mr. Barber, who had previously been heading the effort on Howley's behalf. Accordingly, Defendants have not set forth any basis upon which to conclude that the hours billed by Mr. Heck are unreasonable.

        6.        Costs

Defendants object to the costs incurred by Howley's counsel insofar as (1) the records submitted in support of the application for costs are too vague and (2) Howley cannot recover for overnight courier and hand delivery charges.

The cost entries – which include monthly summaries for postage, copying and legal research – sufficiently specific to demonstrate the reasonableness of the costs incurred. Moreover, this Court accepts the representation of Plaintiff's counsel – who have, at all points in this litigation, proved credible – that these costs were incurred in connection with the instant litigation against the Mellon Defendants.

Defendants also contest overnight courier and hand delivery costs incurred by Plaintiff's counsel. When defending against the relentless barrage of litigation that has defined this case, such costs are necessarily incurred.

**CONCLUSION**

For the reasons set forth above,

**IT IS** on this 27th day of June, 2011, hereby

**ORDERED** that Plaintiff's Amended Motion for Attorney's Fees is **GRANTED**, and Plaintiff is awarded $590,876.45 in attorney's fees and costs.[10]

The Clerk of the Court is directed to terminate the motion: Dkt. No. 85.

s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[10] This amount represents the total amount of attorney's fees and costs Howley seeks – $591,668.45, less the $792 billed by Ms. Machette for secretarial tasks. Howley's request for an additional $33,197 in fees incurred during the administrative process is denied, and that amount is not included in the final award