**REED SMITH LLP**
*Formed in the State of Delaware*
Sherri A. Affrunti, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel. (609) 987-0050  Fax. (609) 951-0824

James C. Martin, Esq. (Admitted *Pro Hac Vice*)
Daniel E. Wille, Esq. (Admitted *Pro Hac Vice*)
225 Fifth Avenue
Pittsburgh, PA 15222-2716

Attorneys for Defendant Mellon Financial Corporation
and the Mellon Related Defendants

CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT M. HOWLEY,<br><br>    Plaintiff,<br><br>v.<br><br>MELLON FINANCIAL CORPORATION, AFFILIATED COMPUTER SERVICES, INC., PLAN ADMINISTRATORS OF THE MELLON FINANCIAL CORPORATION DISPLACEMENT PROGRAM, MELLON BANK 401 K RETIREMENT SAVINGS PROGRAM, MELLON FINANCIAL CORPORATION FLEXIBLE BENEFITS PROGRAM, BENEFITS PLAN 1-10, JOHN DOES 1-10, AND CORPORATIONS 1-10,<br><br>    Defendants. | Civil Action No: 06-5992<br>Hon. Faith S. Hochberg, U.S.D.J.<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>CONSENT ORDER AND FINAL JUDGMENT |

**THE PARTIES,** having appeared before the Court on July 12, 2011, the law firm of Niedweske Barber, P.C., attorneys for Plaintiff Robert M. Howley ("Plaintiff") (Kevin E. Barber, Esq. and Matthew Justin Vance, Esq. appearing) and the law firm of Reed Smith LLP, attorneys for Defendant Mellon Financial Corporation and the Mellon Related Defendants (James C. Martin, Esq., Daniel E. Wille, Esq., and Sherri A. Affrunti, Esq. appearing); and after a Settlement Conference being held in open court; and the parties having reached an agreement

and placed that settlement on the record before this Court; and the Court having reviewed the terms set forth below and for other good cause shown,

**IT IS** on this 14th day of July, 2011, hereby **STIPULATED, ORDERED, ADJUDGED** and **DECREED** as follows:

1) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $4,153.29, which includes interest at the agreed 8% rate, representing the full matching contribution Mr. Howley would have received under the Mellon 401(k) Retirement Savings Plan had there been no sale of Mellon HR&IS from June 1, 2005 through June 30, 2006;

2) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $3,830.02, which represents interest at the agreed 8% rate on the lost deferral of $6,819.43 Mr. Howley would have received had he actually contributed $6,819.43 to the Mellon 401(k) Retirement Savings Plan rather than receiving it in cash;

3) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $74,188.09, which includes interest at the agreed 8% rate, representing the difference between the 17.5% contribution which would have been required of Mr. Howley for family coverage under the BNY Mellon medical plan from July 1, 2006 through July 31, 2011 and the amount that Mr. Howley reported he actually paid for such coverage during this period;

4) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $18,547.02, which represents a 25% "tax gross up" on the lump sum medical premium payments of $74,188.09 described in paragraph (3);

5) Subject to Plaintiff's completion of the applicable Retirement Application Form previously provided, which Plaintiff will complete and submit forthwith to the Administrator of The Bank of New York Mellon Corporation Pension Plan is hereby directed to cause such Pension Plan to: (a) promptly make a one-time payment to Mr. Howley of $234,945.91, reflecting the lump sum amount of the missed payments in the form of a Single Life Annuity with Social Security Leveling effective July 1, 2006 through July 31, 2011, which includes interest at the 6% rate used for purposes of determining actuarially equivalent times and forms of payment under the pension plan, and (b) commence, effective as of August 1, 2011, a monthly pension of $3,317.32 representing the monthly amount of a Single Life Annuity determined as of July 1, 2006 with the Social Security Leveling option; and

6) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $11,909.07, which represents the difference between the agreed 8% interest rate and the 6% interest rate actually used by the pension plan in adjusting the lump sum amount of the missed payments described in the paragraph (5); and

7) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid the amount of $73,486.00 as further payment to compensate him for his adverse tax impact; and

8) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $9,843.00, as further interest on the pension benefit calculation; and

9) By wire transfer, on or before July 29, 2011, Defendants will cause Mr. Howley to be paid $17,481.00, as out of pocket medical expenses; and

10) By wire transfer, on or before July 29, 2011, Defendants will cause the law firm of Niedweske Barber to be paid $14,850.00 of any and all remaining claims for attorneys' fees, paralegal fees and costs in this action; and

11) The benefit plan sponsored by the Mellon Financial Corporation ("MFC") or the Bank of New York Mellon ("BNY Mellon"), as applicable, or any corporate successor thereof, including any successor plan(s), replacement plan(s), or subsequent plan(s), shall provide benefits in the nature of post-employment medical coverage for the remainder of the lives of Robert M. Howley and Mary T. English Howley. The cost of coverage shall not exceed 17.5 percent of the total cost of applicable coverage; and

12) The benefit plan sponsored by the Mellon Financial Corporation ("MFC") or the Bank of New York Mellon ("BNY Mellon"), as applicable, or any corporate successor thereof, including any successor plan(s), replacement plan(s), or subsequent plan(s), shall provide benefits in the nature of post-employment medical coverage for Maureen A. Howley until the earlier of February 13, 2016 or until Maureen A. Howley is entitled to group medical coverage. The cost of coverage shall not exceed 17.5 percent of the total cost of applicable coverage.

13) The benefit plan sponsored by the Mellon Financial Corporation ("MFC") or the Bank of New York Mellon ("BNY Mellon"), as applicable, or any corporate successor thereof, including any successor plan(s), replacement plan(s), or subsequent plan(s), shall provide benefits in the nature of post-employment medical coverage for Kathleen M. Howley as provided in the applicable Plan for a handicapped dependent, which coverage will cease upon the later of: (a) the death of the Robert M. Howley or (b) the death of Mary T. English Howley. The cost of coverage shall not exceed 17.5 percent of the total cost of applicable coverage.

**IT IS FURTHER ORDERED** and the Court expressly finds and holds that both parties agree the aforementioned relief is in full satisfaction and release of any and every claim or cause of action remaining in this case and that the aforementioned relief shall effect the dismissal, with prejudice, of the above-captioned matter; and

**IT IS FURTHER ORDERED** that, consistent with this judgment, the above-captioned matter is hereby **DISMISSED WITH PREJUDICE**.

_____
Hon. Faith S. Hochberg, U.S.D.J.

*The Clerk of the Court is directed to terminate the pending motion (Dkt. No. 93) and to close the case.*

The parties, by and through their counsel, hereby stipulate, agree and consent to the form, substance and entry of the foregoing Consent Order and Final Judgment.

| **REED SMITH LLP** | **NIEDWESKE BARBER, P.C** |
|---|---|
| By: /s/ Sherri A. Affrunti | By: /s/ Kevin E. Barber |
| Sherri A. Affrunti, Esq.<br>James C. Martin, Esq.<br>Daniel E. Wille, Esq. | Kevin E. Barber, Esq.<br>Peter J Heck, Esq.<br>Matthew Justin Vance, Esq. |
| Dated: July 13, 2011 | Dated: July 13, 2011 |